IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LINDSEY OWENS | ) |
|   Plaintiff, | ) Civil Action No. |
| v. | ) |
| CENTURY II STAFFING, INC. | ) JURY TRIAL DEMANDED |
|   Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Lindsey Owens ("Plaintiff"), through undersigned counsel, and files this lawsuit against Defendant Century II Staffing Inc. ("Defendant"), and for his Complaint shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff

also brings claims pursuant to 26 U.S.C. § 7434.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Tennessee corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Tennessee. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III. Parties and Facts

5.

During Plaintiff's employment with Defendant, and at all times material hereto, Plaintiff was a resident of the State of Tennessee and is subject to the jurisdiction of this Court.

6.

Defendant is a Foreign corporation and is licensed to do business in Tennessee, and at all times material hereto Defendant has conducted business within this District.

7.

Defendant is now and, at all times relevant hereto, has been a Foreign corporation engaged in an industry affecting commerce.

8.

Defendant may be served by delivering a copy of the summons and complaint upon its Registered Agent, Cogency Global Inc., Suite B, 992 Davidson Drive, Nashville, TN 37205-1051.

9.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

10.

From approximately September 10, 2018 to May 31, 2019, Plaintiff was paid on an hourly basis by Defendant.

11.

Throughout her employment with Defendant, Plaintiff a non-exempt laborer entitled to overtime compensation for hours worked over 40 in a workweek. Throughout her employment with Defendant, Plaintiff's primary duty was manual labor.

12.

From September 10, 2018 to May 31, 2019, Plaintiff regularly worked more than 40 hours in given workweeks and was not paid overtime compensation, calculated at one and one half times his regular rate, for hours worked over 40 in such weeks.

13.

Throughout her employment with Defendant, Plaintiff was entitled to overtime compensation for all hours worked in excess of 40 hours in a workweek.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

15.

Defendant suffered or permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

16.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

17.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

18.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with her hours worked were controlled by Defendant.

19.

Throughout her employment with Defendant, Plaintiff was economically dependent on Defendant.

20.

Plaintiff was individually covered under the FLSA by virtue of the nature of the work she performed.

## **COUNT I**

## **Violation of the Overtime Wage Requirement of the Fair Labor Standards Act**

21.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

22.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

23.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

24.

Defendant knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

25.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

26.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

27.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 13th day of October, 2020.

Respectfully Submitted,

_____
Zachary D. Wiley, BPR# 031459
**Morgan & Morgan – Nashville, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
(615) 514-4209 (Phone)
zwiley@forthepeople.com
Attorney for Plaintiff